IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RHONDA'E QUIN'LEY, #A0167059, | ) CIV. NO. 16-00550 SOM/KSC ) |
| | ) ORDER DENYING IN FORMA |
| Plaintiff, | ) PAUPERIS APPLICATION ) |
| vs. | ) ) |
| WANDA CRAIG, et al., | ) ) |
| Defendants. | ) ) |
| _____ | ) |

### ORDER DENYING IN FORMA PAUPERIS APPLICATION

On October 7, 2016, Plaintiff commenced this action by filing a prisoner civil rights complaint and an in forma pauperis ("IFP") application. ECF Nos. 1, 2.

On October 12, 2016, the court denied Plaintiff's IFP application without prejudice as incomplete. *See* ECF No. 5. The court instructed Plaintiff to submit a new IFP application with his signed release for the withdrawal of funds from his account and a prison official's signature certifying the current amount in his account and his average monthly balances and deposits for the six months before he commenced this action. *See* 28 U.S.C. § 1915(a)(2).

On October 27, 2016, Plaintiff submitted a second IFP application. ECF No. 5. Although Plaintiff now consents to the collection of fees from his account, the new IFP application still lacks a prison official's signed certification of the amount in Plaintiff's prison trust account and its average monthly balances and deposits for the previous six months. Moreover, the account ledger that Plaintiff submitted with his original IFP application only reflects Plaintiff's account balances from July 12 to August 23, 2016. This is insufficient; Plaintiff must submit a ledger showing his account activity between **April and October, 2016.** Plaintiff's IFP application is therefore DENIED as incomplete.

Plaintiff must either pay the $400.00 filing fee or submit another IFP application that includes (1) a certified **six-month trust account statement;** (2) Plaintiff's signed permission for the collection of funds from his account; and (3) a prison official's certification of the amount in his account and the balances and deposits for the six months before he

commenced this action.  Plaintiff must submit this complete IFP application on or before **December 5, 2016.** Failure to do so will result in dismissal of this action without prejudice for failure to pay and follow a court order.  See Fed. R. Civ. P. 41(b); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); In re Perroton, 958 F.2d 889, 890 (9th Cir. 1992); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

   The Clerk is DIRECTED to send Plaintiff another in forma pauperis application so that he may comply with this Order.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii; November 7, 2016



              /s/ Susan Oki Mollway
              Susan Oki Mollway
              United States District Judge

Quin'ley v. Ward, 1:16-cv-00550 SOM/KSC; IFP 2016 Quin'ley som (dny 2d IFP incomp)